File Name: 11a0610n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 10-5886

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

M. MARGARET PATTERSON; WAYNE
PATTERSON,

    Plaintiffs-Appellants,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

_____/

Before:    MARTIN, BOGGS, and COOK, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge. Margaret Patterson[1] appeals the district court's

grant of judgment on the pleadings for Novartis Pharmaceuticals Corporation. Because Patterson's

complaint does not plausibly allege that she received infusions of Aredia manufactured by Novartis,

we **AFFIRM** the grant of judgment on the pleadings. Additionally, we hold that the district court

did not abuse its discretion by denying Patterson leave to conduct discovery or leave to amend her

complaint.

**I.**

---

    [1]Margaret Patterson and her husband, Wayne Patterson, are both plaintiffs in this action.
Mrs. Patterson claims injury from drug infusions that she received and Mr. Patterson is suing for loss
of consortium. For convenience, because the disposition turns on Mrs. Patterson's treatment, we
refer to Mrs. Patterson as Patterson and do not separately address the husband or his claims.

This case arises out of a series of lawsuits filed by individuals who developed osteonecrosis of the jaw, a severe bone disease affecting the jaw, allegedly as a result of taking Zometa and Aredia. Zometa and Aredia are prescription bisphosphonate[2] drugs produced by Novartis that are given intravenously, most often to patients with cancerous conditions. The drugs are effective at preventing pathological fractures, spinal cord compression, and other bone pains. Although the Food and Drug Administration approved both drugs, many individuals claim to have developed osteonecrosis of the jaw as a result of receiving this medication. Osteonecrosis of the jaw results in the gums being eaten away until the bone is exposed.

Patterson alleges that she developed osteonecrosis of the jaw as a result of drug infusions she received, and brought suit against Novartis as well as several pharmaceutical companies that began marketing generic versions of Aredia after Novartis's patent protection expired. In pertinent part, Patterson's complaint states that she was infused with "Aredia and/or generic Aredia (pamidronate)."

Patterson is a Massachusetts resident and initially brought suit against Novartis and the generic manufacturers in the United States District Court for the District of Columbia. The Judicial Panel on Multidistrict Litigation transferred Patterson's case to the Middle District of Tennessee for consolidated proceedings. The court subsequently separated and transferred Patterson's claims against the generic manufacturers to the United States District Court for the Eastern District of New York. Only Patterson's claims against Novartis are before this Court.

---

[2]Bisphosphonates are a class of drugs that derive their name from their chemical structure, which contains two phosphonate groups ($PO_3$) covalently bonded to a carbon atom.

While this complaint has had an extensive tour of this country's federal courts, the substantive law of Massachusetts governs. The district court dismissed Patterson's claims, holding that her complaint did not contain sufficient facts to allege that she had taken Aredia manufactured by Novartis—a necessary part of her product-liability claim under Massachusetts law—and granted the motion to dismiss. The district court also denied Patterson leave to conduct discovery and leave to amend her complaint.

**II.**

We review decisions granting judgment on the pleadings pursuant to Rule 12(c) under the same de novo standard applied to motions to dismiss under Rule 12(b)(6). *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006). We construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). This Court has applied the now familiar pleading requirements in *Twombly* and *Iqbal* to Rule 12(c) motions and held that plaintiffs must "'plead . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949); *see New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, – F.3d —, No. 10-5100, 2011 WL 2448909, *2-3 (6th Cir. June 21, 2011). Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient. *Iqbal*, 129 S. Ct. at 1949-50; *see Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). Additionally, when considering a Rule 12(c) motion, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 689.

The district court properly granted Novartis's motion to dismiss because Patterson's complaint does not sufficiently allege that she received infusions of Aredia manufactured by Novartis. Massachusetts law requires that a plaintiff suing a manufacturer in a product-liability action be able to prove that his or her injury can be traced to that specific manufacturer. *Mathers v. Midland-Ross Corp.*, 532 N.E.2d 46, 48-49 (Mass. 1989). Here, the complaint alleges only a possibility that the infusions Patterson received were of Aredia manufactured by Novartis. The complaint does not allege when Patterson received these infusions, how many infusions she received, or any other facts specific to her treatment.

The plausibility pleading standard set forth in *Twombly* and *Iqbal* requires that Patterson have pled enough facts to state a claim for relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1950. A complaint that allows the court to infer only a "mere possibility of misconduct," is insufficient to "show" that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8. *Id.* The assertion that Patterson received "Aredia and/or generic Aredia (pamidronate)" means that Patterson could have received only Aredia manufactured by Novartis. Or, she could have received both Aredia and generic Aredia, which would be sufficient to state a claim against Novartis. However, as pled, it is also entirely plausible that Patterson received infusions of only generic Aredia that Novartis did not manufacture: it is this possibility that is fatal to her complaint. Because the complaint only permits us to infer the possibility that Patterson received infusions of Aredia manufactured by Novartis, it fails to satisfy the pleading standards set forth in *Twombly* and *Iqbal*. Therefore, the district court properly granted judgment on the pleadings in favor of Novartis.

In reaching this conclusion we stress that "plausibility," however, "is not akin to a probability requirement." *Iqbal*, 129 S. Ct. at 1949. To proceed past the pleading stage a plaintiff need not establish that the alleged acts actually occurred or likely occurred with a sufficiently high probability. *See Weston Carpet & Floor Covering, Inc. v. Mohawk Indus.*, – F.3d —, Nos. 09-6140, 09-6173, 2011 WL 2462833, *5 (6th Cir. June 22, 2011); *Courie*, 577 F.3d at 629-30. While Patterson's complaint strongly suggests that she received Aredia manufactured by Novartis, she pled herself out of relief by specifically asserting that she may have received infusions of only generic Aredia. In this case, it is the "/or" that prevents Patterson's claim from proceeding. Although the Supreme Court has continued to stress that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," *Iqbal*, 129 S. Ct. at 1950, we have, to some extent, crept back towards those earlier standards. However, construing this complaint in a light most favorable to Patterson, it fails to allege anything more than a possibility that she received Aredia infusions and, therefore, does not meet the requirements of *Twombly* and *Iqbal*.

### III.

Patterson was not entitled to conduct discovery and gather the facts necessary to cure the defects in her pleading, and the district court properly refused to consider materials outside the pleadings when addressing Novartis's motion to dismiss. Finally, because Patterson did not request leave to amend her complaint until after the district court granted Novartis's motion to dismiss, the district court did not abuse its discretion by denying permission to amend.

**A.      Leave to Conduct Discovery.**

Patterson is not entitled to discovery to determine whether her doctors infused her with Aredia manufactured by Novartis. The Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint. *E.g.*, *Iqbal*, 129 S. Ct. at 1950; *see New Albany Tractor*, 2011 WL 2448909, at *3 ("The language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts."). Therefore, the district court did not err by denying Patterson leave to conduct discovery.

**B.      Reliance on Information Outside the Pleadings.**

Patterson argues that her medical records show that she received Aredia infusions before Novartis's patent protection expired and, therefore, Novartis must have manufactured the drug she received at that time. However, Patterson never requested that Novartis's motion to dismiss be converted to a motion for summary judgment. District courts may only consider matters outside the pleadings in deciding a motion to dismiss if they treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Therefore, because the district court did not convert the motion to dismiss into a motion for summary judgment, it properly ruled on this motion without considering these other documents.

**C.      Leave to Amend.**

We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion unless the motion was denied on the grounds of futility, in which case this Court reviews de novo. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008).

The district court did not abuse its discretion by denying Patterson's initial request for leave to amend because that request was not sufficiently particular. The Rules provide that when requested, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a motion for leave to amend must state with particularity the grounds for amendment. Fed. R. Civ. P. 7(b), 15(a)(2); *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). In *Evans*, this Court held that requesting leave to amend in a single sentence without providing the grounds for the amendment or a proposed amended complaint was not a sufficiently particular request, and the district court did not abuse its discretion by denying the motion. 434 F.3d at 853. Here, Patterson only mentioned the possibility of amendments in the very last sentence of her opposition brief to the district court when she stated, "[i]n the alternative, Plaintiffs request an opportunity to amend the Complaint." This is not a sufficiently particular request. Additionally, Patterson also had not included a proposed amended complaint with this request. Therefore, because this request was not sufficiently particular, the district court did not abuse its discretion in denying this request.

Similarly, the district court did not abuse its discretion by denying the formal motion to amend that Patterson filed *after* the district court had already granted Novartis's motion to dismiss. This Court has previously noted that '[p]laintiffs [are] not entitled to an advisory opinion from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008) (alteration in original, citation and internal quotation marks omitted). After a district court grants a motion to dismiss, a party may not seek to amend his or her complaint without first moving to alter,

set aside, or vacate the judgment pursuant to Rule 59 or 60. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005). The district court noted that Patterson had not shown a clear error of law, newly discovered evidence, intervening change in controlling law, or need to alter the opinion to prevent manifest injustice. *Cf. Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (requiring that motion under Rule 59(e) establish a manifest error of law or present newly discovered evidence). Therefore, the district court did not abuse its discretion by denying Patterson's motion to amend.

### III.

Patterson's complaint did not sufficiently allege that she received infusions of Aredia manufactured by Novartis, and the district court, therefore, did not err by granting Novartis judgment on the pleadings. While there appears to be some evidence that Patterson did in fact receive Aredia that Novartis produced, the district court properly did not consider this information because Patterson failed to ask the court to convert the motion to dismiss to a motion for summary judgment. Similarly, the district court did not abuse its discretion in denying Patterson's motion to amend because she did not make this request until after it had already granted the motion to dismiss. Accordingly, we **AFFIRM** the judgment of the district court.