**Wayne PATTERSON and Wayne Patterson as Administrator of the Estate of M. Margaret Patterson, Plaintiffs,**

v.

**NOVARTIS PHARMACEUTICALS CORPORATION, Defendant.**

C.A. No. 11–402.

United States District Court, D. Rhode Island.

Dec. 19, 2012.

John J. Vecchione, Valad and Vecchione, PLLC, Fairfax, VA, Kevin J. Holley, Kevin N. Rolando, Gunning & Lafazia, Inc., Warwick, RI, for Plaintiffs.

Lawrence G. Cetrulo, Andrew R. McConville, Boston, MA, Ranjit S. Dhindsa, Rebecca J. Fiebig, Robert Eric Johnston, Washington, DC, for Defendant.

### MEMORANDUM AND ORDER

MARY M. LISI, Chief Judge.

This matter is before the Court on Plaintiffs' objection and Defendant's partial objection to a Report and Recommendation issued by United States Magistrate Judge Lincoln D. Almond. Magistrate Judge Almond recommended that Defendant's motion for summary judgment be granted. For the reasons set forth below, this Court adopts the recommendation of the Magistrate Judge.

### I. Standard of Review

Upon the filing of specific written objections, the Court must conduct a plenary review of a Report and Recommendation addressing dispositive pretrial matters. *See* Fed.R.Civ.P. 72(b). The Court must "determine de novo any part of the [M]agistrate [J]udge's disposition that has been properly objected to." *Id.* at (3). The Court may "accept, reject, or modify the recommended disposition, receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." *Id.*

### II. Objections to the Report and Recommendation

Plaintiffs object to the Magistrate Judge's findings that (1) the Massachusetts savings statute, Mass. Gen. Laws. ch. 260, § 32, (2) cross jurisdictional class-action tolling, and (3) equitable tolling, are not applicable to Plaintiffs' complaint and thus do not toll the statute of limitations. Defendant objects to the Magistrate Judge's finding that Defendant did not meet its burden in establishing an absence of a genuine issue of material fact concerning Defendant's proffered date of accrual for Plaintiffs' claims.

### III. Procedural Background

On March 3, 2009, Plaintiffs filed a complaint ("2009 complaint") against Defendant and eight generic drug manufacturers in the United States District Court for the District of Columbia.[1] Plaintiffs sought

---

1. When the 2009 complaint was filed, Plaintiffs were Margaret Patterson and her husband Wayne Patterson. Mrs. Patterson, however, is now deceased and Mr. Patterson has

recovery for injuries sustained under theories of strict liability, negligence, and breach of warranty. The complaint stated that the drug that harmed Plaintiffs was made by Defendant "and/or" a generic drug manufacturer. On December 18, 2009, the case was transferred by the Judicial Panel On Multidistrict Litigation to the United States District Court for the Middle District of Tennessee ("MDL court"). On March, 15, 2010, Defendant moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). On April 21, 2010, the MDL court granted Defendant's motion and dismissed the case. Plaintiffs then filed a motion to amend the April 21 order, or in the alternative, a motion for leave to file an amended complaint. The MDL court denied that motion and Plaintiffs appealed to the Sixth Circuit. On August 23, 2011, the Sixth Circuit affirmed the dismissal. On September 8, 2011, Plaintiffs filed a complaint in this Court asserting "virtually identical" causes of action and a claim under Massachusetts General Laws chapter 93A.[2] Plaintiffs' Objections to the Report and Recommendation at 10.

### IV. Analysis

The Court held oral argument on the parties' objections to the report and recommendation and has performed its own independent research of the pertinent issues. At oral argument, Plaintiffs' counsel conceded that, for purposes of this motion,

been substituted as the party Plaintiff in this action.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. The parties agree that the substantive law of Massachusetts applies. *See Borden v. Paul Revere Life Insurance Co.*, 935 F.2d 370 (1st Cir.1991) (federal court sitting in diversity is free to forgo a choice of law analysis and accept the parties' agreement about which state law controls).

3. These concessions were not made before the Magistrate Judge.

the date of accrual of the causes of action in the complaint is June 30, 2006. Counsel also conceded that, unless a tolling provision applies, the complaint was filed out of time.[3]

### A. The Massachusetts Savings Statute

■■■ Plaintiffs contend that because the Sixth Circuit affirmed the dismissal of the 2009 complaint on August 23, 2011, and Plaintiffs re-filed the matter in this court on September 8, 2011, the Massachusetts savings statute, Mass. Gen. Laws ch. 260, § 32, applies and "saves" the complaint.[4] The Massachusetts savings statute provides, in part, that if an action

> is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or *for any matter of form* ... the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action....

Mass. Gen. Laws. ch. 260, § 32 (emphasis added). The statute "permits refiling, within one year, of an action that was timely brought but dismissed 'for any matter of form.'" *Kenney v. Massachusetts Department of Unemployment Assistance*, No. 11–40231–FDS, 2012 WL 1231949, at *1 (D.Mass. April 11, 2012).[5] As the Magistrate Judge noted,

4. In diversity cases, state law governs the tolling of the limitations period. *Henry v. Sheffield*, 856 F.Supp.2d 345 (D.R.I.2012). Massachusetts law provides for a three year statute of limitations for tort claims and a four year statute of limitations for a Massachusetts General Laws chapter 93A claim. *See* Mass. Gen. Laws ch. 260, §§ 2A, 5A.

5. The Court assumes, without deciding, that the year period under Mass. Gen. Laws. ch. 260, § 32 began to run at the time the Sixth Circuit court issued its decision.

[i]n cases considering whether or not a case was dismissed for a 'matter of form', Massachusetts courts have focused on the question of whether or not the dismissal concerned the merits. That is the essence of what is presupposed when addressing what it means to be a 'matter of form.'

*Corliss v. City of Fall River*, 397 F.Supp.2d 260, 266 (D.Mass.2005); *see also Rodi v. Southern New England School of Law*, 389 F.3d 5, 18 (1st Cir.2004) (describing an earlier version of the statute and noting that the Massachusetts legislature enacted the savings statute to ensure that "where [a] plaintiff has been defeated by some matter not affecting the merits ... which he can remedy or avoid by a new process, the statute of limitations shall not prevent him from doing so") (internal quotation marks and citation omitted) (emphasis added).

The Magistrate Judge determined that, because the 2009 complaint was dismissed "on the merits," the Massachusetts savings statute did not apply to Plaintiffs' claims. Plaintiffs object to that determination and argue that the Magistrate Judge placed an "unreasonable and unjustified meaning" on the language of the savings statute. Plaintiffs' Objections to the Report and Recommendation at 6. Plaintiffs contend that the Magistrate Judge erred in determining the nature of the dismissal of the 2009 complaint. Plaintiffs argue that because Defendant's statement of undisputed facts stated that the 2009 complaint was dismissed without prejudice, and Plaintiffs did not dispute that assertion, the Magistrate Judge could not find that the 2009 complaint was dismissed with prejudice. In essence, Plaintiffs argue that because the parties agreed that the 2009 complaint was dismissed without prejudice, the Magistrate Judge was precluded from finding that the 2009 complaint was dismissed "on the merits." Plaintiffs assert that the dismissal was for a "matter of form," thus falling within the protection of the Massachusetts savings statute.

▆ The nature of the 2009 dismissal is not a question of fact, but one of law. Courts "are not bound to accept as controlling, stipulations as to questions of law." *TI Federal Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995) (internal quotation marks and citation omitted); *see also Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir.2002).[6] Neither the MDL court's decision, nor the Sixth Circuit's opinion, stated whether the dismissal was with or without prejudice. "[I]n the absence of any notation to the contrary, we presume that a dismissal is with prejudice." *Velazquez–Rivera v. Sea–Land Service, Inc.*, 920 F.2d 1072, 1075 n. 5 (1st Cir.1990); *see also Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th Cir.2004); *Owner Operator Independent Drivers Association, Inc. v. Comerica Bank*, 540 F.Supp.2d 925 (S.D.Ohio 2008).

▆ Notwithstanding that presumption, however, the MDL court granted Defendant's motion for judgment on the pleadings. A decision pursuant to a motion under Fed.R.Civ.P. 12(c) is a decision on the merits in both the First and Sixth

---

**6.** A court sitting in diversity must apply federal procedural law and the substantive law of the forum state. *In re Volkswagen and Audi Warranty Extension Litigation*, 692 F.3d 4 (1st Cir.2012). As noted, however, the 2009 complaint was transferred to an MDL. Multidistrict litigation transferee courts apply interpretations of federal law of the circuit in which they sit. *Riojas v. C.R. Bard, Inc.*, 07–MD–1842–ML, 09–CV–02809–ML, 2009 WL 1249293 (D.R.I. May 4, 2009). The Court, however, need not enter the fray of determining whether to apply First or Sixth Circuit procedural law to determine the nature of the dismissal because First and Sixth Circuit law are in accord.

Circuits. A Fed.R.Civ.P. 12(c) motion "calls for an *assessment of the merits* of the case at an embryonic stage...." *Perez–Acevedo v. Rivero–Cubano,* 520 F.3d 26, 29 (1st Cir.2008) (internal quotation marks and citation omitted) (emphasis added); *see also Jones v. Binette,* 19 Fed.Appx. 6, 6–7 (1st Cir.2001) (per curiam) (unpublished) (Mass. Gen. Laws ch. 260, § 32 was not applicable to plaintiff's claim because, *inter alia,* dismissal "was also based in part on plaintiff's failure to state a claim" which was "*an adjudication on the merits,* as to which principles of res judicata apply *and [ch. 260, § 32]* ... *has no pertinence*") (emphasis added) (quoting *Liberace v. Conway,* 31 Mass.App.Ct. 40, 574 N.E.2d 1010, 1013 (1991)); *Ogle v. Church of God,* 153 Fed.Appx. 371, 375 (6th Cir. 2005) (unpublished) ("the Rule 12(c) motion is a decision on the merits ..."); *Asmar v. Detroit News, Inc.,* 836 F.2d 1347 (6th Cir.1988) (unpublished); *see generally Pollard v. Boston Redevelopment Authority,* 82 Mass.App.Ct. 1116, 975 N.E.2d 906 (2012) (unpublished) (judgment on the pleadings was an appropriate mechanism for obtaining judicial review of the merits); *McCann v. Sullivan,* No. 11–01476–B, 2012 WL 4928871 (Mass.Super. Oct. 3, 2012) (dismissal under Mass. R. Civ. P. 12(b)(6) [7] for failure to state a claim is an adjudication on the merits, thus Mass. Gen. Laws ch. 260, § 32 does not apply).

The Court concurs with the Magistrate Judge's analysis and conclusion that the Massachusetts savings statute does not apply to this matter. The 2009 complaint was dismissed on the merits pursuant to Fed.R.Civ.P. 12(c). Consequently, because that complaint was not dismissed for any matter of form, the Massachusetts savings statute "has no pertinence" to Plaintiffs' complaint. *Jones,* 19 Fed.Appx. at 6–7.

### B. Cross–Jurisdictional Tolling

■ Plaintiffs contend that the Magistrate Judge failed to perform an in-depth analysis of a question of first impression, *i.e.,* whether Massachusetts courts would recognize cross-jurisdictional class-action tolling, and that he simply rejected the doctrine on the principle that Plaintiffs did not produce any Massachusetts authority adopting it. Plaintiffs argue that this Court, sitting in diversity, must determine state law when a question of state law is squarely before it.

■ "Where a federal court must interpret an area of unsettled state law, its task is to forecast how the highest court of that state would decide the issue." *Fontes v. City of Central Falls,* 660 F.Supp.2d 244, 249 (D.R.I.2009) (internal quotation marks and citation omitted). In performing this task, the Court may look to "analogous state court decisions, adjudications in cases elsewhere, and public policy imperatives." *Ryan v. Royal Insurance Co. of America,* 916 F.2d 731, 734–35 (1st Cir. 1990) (internal quotation marks and citation omitted). Where questions of first impression are involved, a federal court can assume that the state's highest court would adopt a view which seems best supported by "the force of logic and better-reasoned authorities." *Id.* at 739. Federal courts espousing on state law, however, must "exercise considerable caution when considering the adoption of a new application." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 192 (1st Cir.1996); *see also Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co. Inc.,*

---

**7.** In Massachusetts a motion for judgment on the pleadings is "akin to a motion under Mass R. Civ. P. 12(b)(6)" and thus is "actually a motion to dismiss ... [that] argues that the complaint fails to state a claim upon which relief can be granted." *Jarosz v. Palmer,* 436 Mass. 526, 766 N.E.2d 482, 487 (2002).

124 F.3d 252, 263 (1st Cir.1997) (court siting in diversity should not "trailblaz[e]" new initiatives under state law).

■ Under *federal* law, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe and Construction Company v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). *American Pipe* and *Crown, Cork & Seal* describe "a tolling doctrine applicable *within the same jurisdiction;* that is, statutes of limitations in federal cases will be tolled pending the outcome of class certifications sought in federal court."

■ *Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d 805, 807 (Tenn. 2000) (emphasis added). Cross-jurisdictional class-action tolling, however, is "a rule whereby a court in one jurisdiction tolls the applicable statute of limitations based on the filing of a class action in another jurisdiction." *Quinn v. Louisiana Citizens Property Insurance Corp.*, —— So.3d ——, —— n. 7, 2012 WL 5374255, at *10 n. 7 (La.2012) (internal quotation marks and citation omitted).

Plaintiffs aver that it is a "virtual certainty" that the Massachusetts Supreme Court would adopt cross-jurisdictional class-action tolling because of the "generous nature of Massachusetts decisional law on tolling" and because Massachusetts courts recognize *intra*-jurisdictional class-action tolling. Plaintiffs' Objections to the Report and Recommendation at 15. Plaintiffs, however, do not support their argument with any convincing authority or pertinent analysis.

The Massachusetts Supreme Judicial court has not addressed the issue of cross-jurisdictional class-action tolling. As the Magistrate Judge noted, cross-jurisdictional tolling is a somewhat controversial theory.

> The jurisprudence [on cross-jurisdictional tolling] is not yet thoroughly developed. The majority of states have not yet had occasion to address the issue directly and the states that have considered cross-jurisdictional tolling have been split in their acceptance of the doctrine and the rationale for their decisions.

*Quinn*, —— So.3d at ——, 2012 WL 5374255, at *7 (footnote omitted); *see also Soward v. Deutsche Bank AG*, 814 F.Supp.2d 272, 278–79 (S.D.N.Y.2011) (noting only a "small fraction of states" have addressed the issue and there is "no clear consensus among them") (internal quotation marks and citation omitted).[8] Fur-

---

**8.** Although not an exhaustive analysis, the Court has identified two state supreme courts, *Stevens v. Novartis Pharmaceuticals Corp.*, 358 Mont. 474, 247 P.3d 244 (2010) and *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 763 N.E.2d 160 (2002), and four lower state courts, *Blanco v. AMVAC Chemical Corp.*, No. N11C–07–149 JOH, 2012 WL 3194412 (Del.Super.Ct. Aug. 8, 2012); *Lee v. Grand Rapids Board of Education*, 148 Mich.App. 364, 384 N.W.2d 165 (1986); *Hyatt Corp. v. Occidental Fire & Cas. Ins. Co.* of N.C., 801 S.W.2d 382 (Mo.Ct.App.1990); *Staub v. Eastman Kodak Co.*, 320 N.J.Super. 34, 726 A.2d 955 (N.J.Super.Ct.App.Div.1999), that have adopted the doctrine of cross jurisdictional tolling. The Court has identified five state supreme courts, *Portwood v. Ford Motor Co.*, 183 Ill.2d 459, 233 Ill.Dec. 828, 701 N.E.2d 1102 (1998); *Quinn*, —— So.3d ——, 2012 WL 5374255 (La.2012); *One Star v. Sisters of St. Francis, Denver, Co.*, 752 N.W.2d 668, 681 n. 4 (S.D. 2008); *Maestas*, 33 S.W.3d 805 (Tenn.2000);

thermore, a number of federal courts sitting in diversity "have been disinclined to import cross jurisdictional tolling into the law of a state that has not ruled on the issue." *In re Fosamax Products Liability Litigation,* 694 F.Supp.2d 253, 258 (S.D.N.Y.2010), *aff'd, Casey v. Merck & Co. Inc.,* 678 F.3d 134 (2d Cir.2012). One federal court has declined to import the doctrine of cross jurisdictional tolling into Massachusetts law "in the absence of authority that establishes that Massachusetts law recognizes such tolling...." *In re TFT–LCD (Flat Panel) Antitrust Litigation,* Nos. M 07–1827 SI, C 11–3856 SI, MDL No. 1827, 2012 WL 3155693 at \*4 (N.D.Cal. Aug. 2, 2012).

Plaintiffs, Massachusetts residents, chose to file this complaint in Federal Court in Rhode Island instead of in Massachusetts state court. Plaintiffs are the "master[s] of the forum and [are] empowered to choose the court system and venue in which litigation will proceed." *Youtsey v. Avibank Manufacturing, Inc.,* 734 F.Supp.2d 230, 237 (D.Mass.2010) (internal quotation marks and citation omitted). Plaintiffs were well aware that Massachusetts state law on tolling would play a crucial, if not decisive, role in this matter. Notwithstanding that important consideration, Plaintiffs chose a federal venue. "The First Circuit has cautioned that a plaintiff should not choose a federal forum when it seeks to assert a novel state law [theory]." *Woodfords Family Services, Inc. v. Casey,* 832 F.Supp.2d 88, 99 (D.Me. 2011).

> We have warned, time and again, that litigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed. In effect

[Plaintiffs have] asked [the Court] ... to stretch [Massachusetts] law to reach an unknown and unexplored frontier. [Plaintiffs have] however, given [the Court] no well-plotted roadmap showing an avenue of relief that the state's highest court would likely follow. In such circumstances, [Plaintiffs'] supplication must be rejected. Here again, [w]e may, perhaps, be unadventurous in our interpretation of [state] law, but a plaintiff who seeks out a federal venue in diversity jurisdiction should anticipate no more.

*Ryan,* 916 F.2d at 744 (internal quotation marks and citation omitted); *see also Putnam Resources v. Pateman,* 958 F.2d 448, 470 n. 25 (1st Cir.1992) (plaintiff's "effort to cram this square peg of diversity case into a round state-law hole is particularly disconcerting" because plaintiff "chose a federal forum" instead of a state one); *Santiago v. Sherwin Williams Co.,* 3 F.3d 546, 549 (1st Cir.1993) (when a plaintiff "invokes diversity jurisdiction" and chooses a federal court to bring a state law claim the "survey is somewhat circumscribed" as the plaintiff cannot expect the "federal court to steer state law into unprecedented configurations") (internal quotation marks and citation omitted). Without a "well-plotted" path showing an "avenue of relief" that the Massachusetts Supreme Judicial Court would take on cross jurisdictional class-action tolling, and with no apparent consensus among the few states that have addressed the question, this Court declines Plaintiffs' invitation and refuses to embark into an "unexplored frontier" and import cross jurisdictional class-action tolling into Massachusetts state law. *Ryan,* 916 F.2d at 744.

*Casey v. Merck & Co.,* 283 Va. 411, 722 S.E.2d 842 (2012), and two lower state courts, *Ravitch v. Pricewaterhouse,* 793 A.2d 939 (Pa.Superior.Ct.2002) and *Bell v. Showa Denko K.K.,* 899 S.W.2d 749 (Tex.Ct.App.1995), that have rejected the doctrine.

## C. Equitable Tolling

Plaintiffs argue that the Magistrate Judge employed the wrong standard in addressing Plaintiffs' equitable tolling argument. Plaintiffs contend that the Court should invoke equitable tolling because of the "extremely odd circumstances of this case...." Plaintiffs' Objection to the Report and Recommendation at 14.

The doctrine of equitable tolling is used sparingly and is available only in limited circumstances. *Shafnacker v. Raymond James & Associates, Inc.*, 425 Mass. 724, 683 N.E.2d 662 (1997). Equitable tolling is generally limited to circumstances involving excusable ignorance, or where a defendant affirmatively misled a plaintiff, or where a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Id.* at 666 (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Courts however, have been less inclined to apply equitable tolling "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453.

Plaintiffs contend that the doctrine of equitable tolling should be applied because it was "precisely defective pleading" that led to the dismissal of the 2009 complaint. Plaintiffs' Objections to the Report and Recommendation at 17. As noted above, Plaintiffs filed the 2009 complaint in the United States District Court for the District of Columbia on March 3, 2009. The matter was then transferred to the MDL court in the Middle District of Tennessee on December 18, 2009. Defendant filed a motion for judgment on the pleadings on March 15, 2010. The MDL court granted Defendant's motion and dismissed the 2009 complaint because the complaint did not adequately allege that Mrs. Patterson received infusions of Aredia manufactured by Defendant. It was Plaintiffs' position however, that "[w]ithout discovery, the exact identity of the manufacturers who injured Mrs. Patterson remains unknown." *In re: Aredia and Zometa Products Liability Litigation*, No. 3–06–MD–1760 (M.D.Tenn.), Plaintiffs' Response to Defendant's Motion for Judgment on the Pleadings at 2, (Docket # 3206). The MDL court, however, found that that assertion was, at best, less than accurate, and at worst, a violation of Fed.R.Civ.P. 11.

> The information as to which drug Margaret Patterson was given is information within the reach of the Plaintiffs, information held by Plaintiff Margaret Patterson's healthcare providers, in Plaintiff's Margaret Patterson's medical records, information which was available to Plaintiffs and, in compliance with Fed.R.Civ.P. 11, should have been obtained by the Plaintiffs before the lawsuit was filed.

*In re: Aredia and Zometa Products Liability Litigation*, No. 3–06–MD–1760, slip op. at 3 (M.D. Tenn. April 21, 2010), (Docket # 3259). The MDL court did not address Plaintiffs' undeveloped request to amend the complaint inserted at the very end of its response to Defendant's motion. On May 12, 2010, Plaintiffs filed a motion to amend the MDL court's order dismissing the case, or in the alternative, for leave to amend the complaint. The MDL court denied Plaintiffs' motion and Plaintiffs appealed.

The Sixth Circuit affirmed the MDL court's dismissal of the complaint. *Patterson v. Novartis Pharmaceuticals Corporation*, 451 Fed.Appx. 495 (6th Cir.2011) (unpublished). The Sixth Circuit also affirmed the MDL court's initial denial of the request to amend the complaint because the Plaintiffs' "request was not sufficiently particular." *Id.* at 499. The Sixth Circuit also affirmed the MDL

court's denial of Plaintiffs' motion to amend the MDL court's order dismissing the case, or in the alterative, leave to amend. *Id.*

Plaintiffs argue that this Court should apply equitable tolling because the 2009 complaint was "defective." That self-serving label alone, however, is not sufficient to invoke the doctrine of equitable tolling in this instance. The 2009 complaint was dismissed for failure to state a claim. The record does not reflect any evidence that Plaintiffs were induced or tricked by any misconduct on the part of Defendant. This case "is a classic example of a party [fail]ing to exercise due diligence in preserving his [or her] legal rights." *de Casenave v. United States,* 991 F.2d 11, 13 (1st Cir.1993) (quoting *Irwin,* 498 U.S. at 96, 111 S.Ct. 453); *see also Muth v. United States,* 1 F.3d 246, 251 (4th Cir.1993) (district court did not err in declining to apply equitable tolling where the plaintiff "did not exercise due diligence by actively investigating the basis for his claim"). The Magistrate Judge did not err in refusing to apply the doctrine of equitable tolling.

For the reasons stated, the Court adopts the recommendation of the Magistrate Judge. Defendant's motion for summary judgment is granted. The clerk is directed to enter judgment for the Defendant.[9]

SO ORDERED

## REPORT AND RECOMMENDATION

LINCOLN D. ALMOND, United States Magistrate Judge.

### Background

Before the Court is Defendant's Motion for Summary Judgment (Document No. 28) filed pursuant to Fed.R.Civ.P. 56. Defendant alleges that Plaintiffs' Complaint is barred by the applicable statute of limitations. Plaintiffs filed their Objection to the Motion for Summary Judgment (Document No. 36) on May 7, 2012. This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on June 25, 2012. After reviewing the Memoranda submitted, listening to the arguments of the parties and conducting independent research, I recommend that Defendant's Motion for Summary Judgment be GRANTED.

### Statement of Facts

Plaintiffs initially filed their Complaint in this Court on September 8, 2011. (Document No. 1). Plaintiffs' Eight–Count Amended Complaint was filed on May 30, 2012. (Document No. 43). While this case was pending, Plaintiff M. Margaret Patterson passed away. Therefore, the current Plaintiffs to the action are Mrs. Patterson's widower, Wayne Patterson, individually and in his capacity as Executor of the Estate of M. Margaret Patterson. (Document No. 22). Plaintiffs seek recovery for injuries Mrs. Patterson suffered as a result of using the prescription drug Aredia. (Document No. 43, ¶ 1). Aredia, and its successor drug Zometa, are in a class of drugs known as bisphosphonates. The drugs are FDA-approved for the treatment and reduction of incidence of skeletal-related events. (Document No. 29, ¶ 2; Document No. 38, ¶ 2). Plaintiffs allege that Mrs. Patterson was prescribed and infused with Aredia from 2000 through 2006 to treat osteoporosis. (Document No. 37 ¶ 16). Aredia was unavailable in generic form until 2001. (*Id.,* ¶ 17). Plaintiffs allege that Mrs. Patterson suffered osteonecrosis of the jaw bone as a result of

---

**9.** The Court finds no merit in Defendant's partial objection to the Magistrate Judge's report regarding Defendant's proffered date of accrual for Plaintiffs' claims.

using Defendant's drug. (Document No. 43, ¶ 1).

Plaintiffs' Amended Complaint alleges claims under theories of strict liability, negligence, breach of express and implied warranty, loss of consortium and claims under Mass. Gen. Laws ch. 93A. Plaintiffs initially pursued a claim against Defendant and the generic pharmaceutical drug manufacturers in the United States District Court for the District of Columbia on March 5, 2009. (Document No. 43, ¶ 6). On November 9, 2009, the claims against Novartis were separated from the claims against the generic drug manufacturers by the United States Judicial Panel on Multidistrict Litigation. (*Id.*, ¶ 7). The claims against Aredia were transferred to the Middle District of Tennessee to be consolidated as part of MDL Case Number 1760 (*In Re Aredia and Zometa Products Liability Litigation*). The claims against the generic drug manufacturers were transferred to the Eastern District of New York. (*Id.*).

On March 15, 2010, Novartis moved to dismiss Plaintiffs' claims against it pursuant to Fed.R.Civ.P. 12(c) on the ground that the use of "and/or" to describe the drug manufacturer was insufficient to state a claim for relief against Novartis. (*Id.*, ¶ 8). Over Plaintiffs' Objection, the District Court for the Middle District of Tennessee granted the Motion and dismissed Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(c). (*Id.*, ¶ 9). Plaintiffs appealed to the Sixth Circuit Court of Appeals, and their appeal was denied. (*Id.*, ¶¶ 10, 11). Shortly thereafter, Plaintiffs refiled the case in this District.

### Summary Judgment Standard

A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir.1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." *Cadle*, 116 F.3d at 960 (*citing Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995); *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." *Id.* (citing *Maldonado–Denis*, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or pro-

blematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." *Id.* (*quoting Mack v. Great Atl. & Pac. Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993) (*citing Anderson,* 477 U.S. at 249, 106 S.Ct. 2505).

### Discussion

■■■ Mrs. Patterson was a Massachusetts resident, and the facts underlying her injury occurred in Massachusetts. The parties agree that Massachusetts law governs this case, and the Court's review of the relevant cases confirms that Massachusetts is the appropriate choice of law. *See, e.g., Harodite Indus. v. Warren Electrical Corp.,* 24 A.3d 514, 534 (R.I.2011) (discussing Rhode Island's choice of law considerations). Massachusetts law provides for a three-year statute of limitations for tort claims, and a four-year statute of limitations for consumer protection claims. *See* Mass. Gen. Laws ch. 260, § 2A; and Mass. Gen. Laws ch. 260, § 5A. The "discovery rule" applies to claims in Massachusetts, and begins the ticking of the clock for purposes of the statute of limitations when a plaintiff discovers, or reasonably should discover, that he or she suffered harm as a result of a defendant's product. *See Bowen v. Eli Lilly & Co.,* 408 Mass. 204, 557 N.E.2d 739, 741 (1990).

Plaintiffs' initial claims filed in the District of Columbia District Court in March 2009 were tort claims and did not include any claims under the Massachusetts Consumer Protection Statute, Mass. Gen. Laws ch. 93A, and thus only the three-year statute of limitations was applicable. De-fendant contends that Mrs. Patterson was on "actual notice" of her ONJ by late 2005. (Document No. 28–1 at p. 6). Thus, Defendant contends that this Complaint, filed in September 2011, six years after the date she was on notice of her claim, is untimely and must fail. At the hearing, Defendant's attorney argued that the initial action filed on March 5, 2009 in the District of Columbia was "time barred in the first place," and that the newly-asserted Chapter 93A claims are also time-barred. (Document No. 51 at p. 5).

Plaintiffs present the Court with four reasons why the statute of limitations does not bar the present claims. First, Plaintiffs argue that there are factual issues regarding when Mrs. Patterson discovered, or reasonably should have discovered, that she was harmed by Defendant's drug. Second, Plaintiffs claim that the Massachusetts Savings statute (Mass. Gen. Laws ch. 260, § 32) applies and renders the claims in this case timely, since they were the subject of a previous lawsuit which was timely filed on March 5, 2009, transferred to the MDL Panel and then dismissed for a "matter of form." (Document No. 39–4 at p. 2). In support of this argument, Plaintiffs contend that this case was filed within the one-year refiling period permitted by the Savings statute. Third, Plaintiffs claim that the Complaint is saved by cross jurisdictional class action tolling from the time of accrual (no earlier than June 30, 2006) to November 14, 2007, when an Aredia class action filed in Tennessee was dismissed. Plaintiffs also posit that since this chapter 93A claim was filed within four years of November 14, 2007, it is timely, as well as the related tort claims. Finally, Plaintiffs contend that the Court should apply equitable tolling to relieve them from dismissal. The Court considers each argument in turn.

### 1. Discovery of Mrs. Patterson's Claims

Plaintiffs contend that there is a factual dispute regarding discovery, and I concur. Defendant argues that Mrs. Patterson had actual notice of harm caused by Defendant's product in at least June 2005 and no later than the end of 2005. I find the evidence relied upon by Defendant to be ambiguous and insufficient to support resolution of the discovery issue as a matter of law. First, Defendant points to the Plaintiff Fact Sheet ("PFS") submitted by Mrs. Patterson in May 2009 as part of the MDL filing, in which she claims she was diagnosed with ONJ in June 2005 as support for the discovery date. (Document No. 29–4 at pp. 4–5). However, in the PFS, Mrs. Patterson actually identifies June 2005 as the "onset" date and she made that disclosure in 2009 with the benefit of hindsight. *Id.* The PFS is thus not probative of when Mrs. Patterson first knew, or reasonably should have known, that she had ONJ and that it was caused by Defendant's drug.

The second piece of evidence relied upon by Defendant is an August 11, 2005 medical record in which Plaintiff's doctor states that Mrs. Patterson is at risk for ONJ due to "past chronic high dose pamidronate use." (Document No. 29–11 at p. 2). The doctor's notes are not a definitive diagnosis of ONJ, and the doctor also stated that "the evidence for such an association is at present still anecdotal." *Id.* Third, Defendant points to medical records obtained from Mrs. Patterson's dentist which Defendant claims establish discovery in January 2006. These records do not conclusively establish that Plaintiff was aware, or should have been aware, of the ONJ at that time. (Document No. 47). Plaintiffs claim that Mrs. Patterson did not know of any link between her use of pamidronate and a risk of ONJ until June 30, 2006, when her doctor spoke to her about her risk. (Document No. 29–12 at p. 2). Accordingly, I find that Defendant has not met its burden of establishing the absence of any genuine issue of material fact regarding the claimed June 2005 claim discovery date.[1]

### 2. Massachusetts Savings Statute

Plaintiffs' reliance on the Massachusetts Savings statute (Mass. Gen. Laws ch. 260, § 32) is misplaced. Pursuant to the Savings statute, "if an action is duly commenced within the limitations period" and then dismissed for certain limited reasons, a plaintiff may "commence a new action for the same cause within one year." *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 18 (1st Cir.2004). The Savings statute only "saves" claims that are dismissed for, *inter alia*, a "matter of form" and not

---

1. Following the hearing on this matter, the parties continued to conduct discovery, including taking several depositions. On August 2, 2012, Defendant filed its Second Supplement to the Statement of Undisputed Facts and presented the Court with additional evidence as to the date Mrs. Patterson allegedly discovered or reasonably should have discovered her injury. (Document No. 52). Plaintiffs objected to the submission and filed a Motion to Strike. (Document No. 53). I have reviewed the evidence submitted and considered it in light of the overall recommendations I am making on the Motion for Summary Judgment. While the newly presented evidence does shed additional light on the potential discovery date, it does not tip the balance on the discovery issue as a matter of law. Further, it is not necessary for the Court to enter the fray on this skirmish and determine if the post-hearing submission is proper or not. Since I am recommending that Defendant's Motion for Summary Judgment be granted on other legal grounds, the content of the Supplemental Facts and the resulting Motion to Strike do not alter the outcome of my Report and Recommendation. Accordingly, the Motion to Strike (Document No. 53) is DENIED as MOOT.

those dismissed on the merits. Although a "matter of form" is not defined in the statute, "Massachusetts courts have focused on the question of whether or not the dismissal concerned the merits." *Corliss v. City of Fall River*, 397 F.Supp.2d 260, 266 (D.Mass.2005). *See also Boutiette v. Dickinson*, 54 Mass.App.Ct. 817, 768 N.E.2d 562 (Mass.App.Ct.2002) (dismissal for lack of personal jurisdiction is for a "matter of form" under the Savings statute); and *Ciampa v. Beverly Airport Comm'n*, 38 Mass.App.Ct. 974, 650 N.E.2d 816 (Mass.App.Ct.1995) (dismissal for bringing an action in the wrong court is a "matter of form" under the Savings statute). In the present case, Plaintiffs' claims in the 2005 case were dismissed by the District Court pursuant to Fed. R.Civ.P. 12(c). (Document No. 29–8). The Sixth Circuit Court of Appeals affirmed the dismissal. *Patterson v. Novartis Pharm. Corp.*, 451 Fed.Appx. 495 (6th Cir.2011). Plaintiffs then sought to revive the case in this District.

The dismissal of the MDL case was based on Plaintiffs' use of the terms "and/or" in the Complaint to describe the maker of the drug that harmed her as being made by Novartis "and/or" a generic drug manufacturer. Thus, the Court found that Plaintiffs had not adequately plead that Defendant manufactured the drug that allegedly harmed Mrs. Patterson. Despite the dismissal being based on the Court's disapproval of the language used, the result for Plaintiffs was harsh because counsel did not request a conversion to a Motion for Summary Judgment under Fed. R.Civ.P. 12(d), did not sufficiently investigate the particular source of Mrs. Patterson's medication prior to filing suit, did not initially make a sufficiently particular Motion to Amend, and did not formally move to amend until it was too late, *i.e.*, after the case had been dismissed. Although Plaintiffs characterize the dismissal as being

"without prejudice," the Court's Order simply notes that Defendant's Motion for Judgment on the Pleadings is granted, and Plaintiff's claims are dismissed. (Document No. 39–4 at p. 2). The Order does not indicate that the dismissal was with leave to amend/refile or without prejudice. *Id.* Similarly, the Court's accompanying Memorandum does not indicate that the dismissal was without prejudice. (Document No. 29–8). The Court concluded that Plaintiffs' allegations were "speculative" and did not meet the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Id.* at p. 5. In discussing the pleading deficiency in Plaintiffs' Complaint, the Court observed that:

> [t]he information as to which drug Margaret Patterson was given is information within the reach of the Plaintiffs, information held by Plaintiff Margaret Patterson's healthcare providers, in Plaintiff Margaret Patterson's medical records, information which was available to Plaintiffs and, in compliance with Fed. R.Civ.P. 11, should have been obtained by the Plaintiffs before this lawsuit was filed.

*Id.* at p. 4.

Plaintiffs appealed the dismissal to the Sixth Circuit Court of Appeals arguing that the District Court erred by dismissing the Complaint without granting leave to conduct discovery and amend, and by refusing to consider information outside of the pleadings. *See Patterson v. Novartis Pharm. Corp.*, 451 Fed.Appx. 495 (6th Cir. 2011). In rejecting Plaintiffs' appeal, the Sixth Circuit held that dismissal was appropriate because "Patterson's complaint does not plausibly allege that she received infusions of Aredia manufactured by Novartis." *Id.* at 496. Also, the Sixth Circuit found that the Court did not err by denying Plaintiff leave to conduct discovery or

to amend her Complaint. *Id.* at 498–99. First, the Court indicated that *"Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint." *Id.* Second, the Court reasoned that Plaintiffs were not entitled to leave to amend since their predismissal request was "not sufficiently particular" and their post-dismissal request was too late and not preceded, as required at that juncture, by a motion "to alter, set aside, or vacate the judgment pursuant to Rule 59 or 60." *Id.* at 499. Thus, for these reasons, the Sixth Circuit affirmed the District Court's decision granting "judgment on the pleadings" to Defendant pursuant to Fed.R.Civ.P. 12(c).

The case law is clear that a dismissal under Rule 12 is a final decision on the merits. *See, e.g., U.S. ex rel. Karvelas v. Melrose–Wakefield Hosp.,* 360 F.3d 220, 241 (1st Cir.2004) ("in the absence of a clear statement to the contrary, a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is presumed to be with prejudice"); and *AVX Corp. v. Cabot Corp.,* 424 F.3d 28, 30 (1st Cir.2005) ("dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect"). In fact, Rule 12(c) by its terms provides a mechanism for obtaining "judgment on the pleadings" which Defendant successfully did in the MDL case. *See Carr v. Tillery,* 591 F.3d 909, 919 (7th Cir.2010) (motion under Rule 12(c) is one for "dismissal on the merits"); and *Collins v. Purdue Univ.,* 703 F.Supp.2d 862, 881 (N.D.Ind.2010) ("All grants of judgment on the pleadings [pursuant to Rule 12(c)] are to be entered as final judgments on the merits."). Accordingly, I find that Plaintiffs' claims were not previously dismissed for a "matter of form" and reject the Plaintiffs' argument that the Massachusetts Savings statute renders these claims to be timely filed.

### 3. Cross–Jurisdictional Class Action Tolling

Plaintiffs' cross jurisdictional class-action tolling argument asks this Court to engage in an exercise of legal gymnastics to save Plaintiffs' Complaint. In particular, Plaintiffs argue that the filing of an Aredia class action in Tennessee tolled the statute of limitations nationally until such action was dismissed on November 14, 2007. The issue of such tolling is controversial, and Plaintiffs have not identified any Massachusetts cases adopting the theory. Moreover, the case law indicates that "few states" adopt such tolling for class actions filed in another jurisdiction and that "several federal courts have declined to import the doctrine into state law where it did not previously exist." *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1025 (9th Cir.2008) (*citing Wade v. Danek Med., Inc.,* 182 F.3d 281, 287–288 (4th Cir.1999)). I decline to apply cross jurisdictional class action tolling in the present case, since Plaintiffs have not shown that Massachusetts has adopted tolling of this nature, nor that it would. It is not this Court's role sitting in diversity to create new state law in Massachusetts; thus I reject the arguments advanced by Plaintiffs on these grounds.

### 4. Equitable Tolling

Plaintiffs' final contention is that this Court should apply equitable tolling in this case to save their claims. "Equitable tolling is a sparingly used doctrine generally limited to instances of excusable ignorance, defective pleading, or misconduct by the [opposing party]." *Coyne v. Nascimento,* 78 Mass.App.Ct. 1110, 937 N.E.2d 522 (Mass.App.Ct.2010); *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling has been extended only

"sparingly" by federal courts in cases where a claimant has actively pursued judicial remedies by filing a defective pleading during the filing period or has been induced or tricked by an adversary's misconduct into allowing the filing deadline to pass). Plaintiffs fail, however, to point the Court to any misconduct by Defendant or its counsel or other circumstances to warrant such extraordinary equitable relief in this case. Plaintiffs are primarily in this predicament because of the way counsel drafted the original Complaint and handled the case in the MDL. Further, even if this Court felt that the MDL judge was too harsh in his rulings, there is no recourse here because Plaintiffs' remedy was to appeal to the Sixth Circuit Court of Appeals to redress any error or perceived injustice, which they unsuccessfully did. It is not this Court's role to give Plaintiffs another bite at the apple because Plaintiffs believe their case was mishandled in the MDL by that Court or their counsel.

**Conclusion**

For these reasons, I recommend that Defendant's Motion for Summary Judgment (Document No. 28) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. *See* Fed. R.Civ.P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. *See United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

August 28, 2012